UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMTRUST INSURANCE COMPANY OF KANSAS, <br><br> Plaintiff, <br><br> v. <br><br> ADM GLOBAL, INC., <br><br> Defendant. | Case No. |

# NOTICE OF REMOVAL

Defendant ADM Global, Inc. ("*ADM*"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby gives notice of removal of the above-captioned case currently pending in the Circuit Court of Cook County, Illinois, Law Division, to the United States District Court for the Northern District of Illinois, Eastern Division. ADM states as grounds for removal:

## PROCEDURAL HISTORY

1. On May 21, 2024, Plaintiff, Amtrust Insurance Company of Kansas ("*Amtrust*"), filed a Complaint against ADM in the Circuit Court of Cook County, Illinois, Law Division, Case No. 2024 L 005581 (the "*Complaint*"). A copy of the Complaint is attached as **Exhibit A**, and a copy of the Summons to ADM is attached as **Exhibit B**. All process, pleadings, and orders that have been served upon ADM as of this notice are otherwise included as **Exhibit C**.

2. As alleged in the Complaint, Amtrust is an insurance company that issued a certain Commercial Auto and General Liability insurance policy (No. WMC1250251 01) (the "*Policy*") to ADM. The Policy contained a Form MCS-90 Endorsement titled "Endorsement for Motor Carrier Policies of Insurance for Public Liability Under Sections 29 and 30 of the Motor Carrier

Act of 1980," 49 U.S.C. § 31139, *et seq.* (the "**MCS-90 Endorsement**"). Amtrust further alleges that, while the Policy was in effect, a certain Robert Bator was operating a tractor trailer covered by the MCS-90 Endorsement of the Policy when he collided with other vehicles, causing damages. Amtrust alleges, as a result, that it paid certain third parties $118,872.12 under the Policy pursuant to the MCS-90 Endorsement for property damage, personal injury, and any other losses related to that motor vehicle collision, and that ADM is thus liable to Amtrust for that sum pursuant to the MCS-90 Endorsement.

3. Amtrust seeks damages in the amount of $118,872.12, plus costs, fees, and any further relief that the Court deems equitable and just.

4. ADM denies liability whatsoever under any theory but relies on Amtrust's allegations as set forth in its Complaint to satisfy the requirements of removal under 28 U.S.C. §§ 1331, 1441, and 1446.

## REMOVAL STANDARD

5. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## VENUE

6. The Complaint was filed in the Circuit Court of Cook County, Illinois, Law Division. Venue is therefore proper in this Court's Eastern Division pursuant to 28 U.S.C. §§ 1391, 1441(a), and 1446(a).

## TIMELINESS OF REMOVAL

7. This Notice of Removal is timely in that it is filed within thirty (30) days from the

date ADM was served with and received a copy of the Complaint, which was August 19, 2024. **Ex. B**; *see* 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (removal period "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons…").

### FEDERAL QUESTION JURISDICTION EXISTS

8. Removal of this action is proper because this Court has original jurisdiction under 28 U.S.C. § 1331 which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

9. Though captioned as a breach of contract action, Amtrust's claim against ADM is reliant on the MCS-90 Endorsement, which is a product of federal law, namely 49 U.S.C. § 31139, *et seq. See*, *e.g.*, *Progressive Express Ins. Co. v. Harry's Truck Serv., LLC*, 688 F. Supp. 3d 773, 779-80 (N.D. Ill. Aug. 23, 2023) (MCS-90 endorsements trigger federal question jurisdiction when the underlying policies do not otherwise provide coverage).

10. Amtrust specifically alleges that it paid certain third parties $118,872.12 under the Policy "pursuant to the MCS-90 Endorsement that [Amtrust] would not have been otherwise obligated to make under the [Policy] except for the agreement contained in the MCS-90 Endorsement." **Ex. A**, ¶ 24.

### NOTICE TO AMTRUST AND THE CIRCUIT COURT

11. ADM, pursuant to 28 U.S.C. § 1446(d), will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois, Law Division. Paper and electronic copies will also be served on Amtrust.

WHEREFORE, Defendant, ADM Global, Inc., respectfully requesta that the above-captioned case be maintained in this Court now that it has been removed from the Circuit Court of Cook Country, Illinois, Law Division (No. 2024 L 005581).

Date: September 18, 2024　　　　　　　　　Respectfully submitted,

**ADM GLOBAL, INC.**

　　　　　　　　　　　　　　　　　　　　*/s/ Frederic A. Mendelsohn*
　　　　　　　　　　　　　　　　　　　　　One of Its Attorneys

Frederic A. Mendelsohn
BURKE, WARREN, MACKAY & SERRITELLA, P.C.
330 North Wabash Avenue, 21st Floor
Chicago, Illinois 60611
Tel.: (312) 840-7000
Fax: (312) 840-7900
fmendelsohn@burkelaw.com
*Attorney for ADM Global, Inc.*